No. 18-1459

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
                                      FILED
                                    Apr 26, 2018
                                  DEBORAH S. HUNT, Clerk
```

In re: ALEC LANG,            )
                             )          O R D E R
         Petitioner.         )


Before: SUHRHEINRICH, CLAY, and BUSH, Circuit Judges.


Petitioner Alec Lang, an alleged crime victim of Defendant Robert Gross, petitions for a writ of mandamus under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, to enforce his rights as a crime victim. On April 17, 2018, the district court found that Lang was not a crime victim and denied his motion to be awarded restitution.

Despite Lang's assertion to the contrary, we apply the traditional mandamus standard of review in addressing his petition. *In re Acker*, 596 F.3d 370, 372 (6th Cir. 2010); *In re McNulty*, 597 F.3d 344, 348–49 (6th Cir. 2010). "Mandamus is a drastic remedy that should be invoked only in extraordinary cases where there is a clear and indisputable right to the relief sought." *United States v. Young*, 424 F.3d 499, 504 (6th Cir. 2005). To warrant relief in mandamus, Lang must show his right to the writ is "clear and indisputable." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 381 (2004) (quoting *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)). "And, because mandamus is a discretionary remedy, a Court may decline to issue the writ if it finds that it would not be 'appropriate under the circumstances' even if the petitioner has shown he is 'clear[ly] and indisputabl[y]' entitled to it." *McNulty*, 597 F.3d at 349 (quoting *Cheney*, 542 U.S. at 381).

To determine if relief in mandamus is proper, we balance the following factors:

whether: (1) the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired; (2) the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) the district court's order raises new and important problems, or issues of law of first impression.

*John B. v. Goetz*, 531 F.3d 448, 457 (6th Cir. 2008).

Lang does not address all of these factors. Rather, he raises procedural issues concerning the hearing held in the district court and challenges the merits of the district court's ruling. We note, however, that a petition for a writ of mandamus pursuant to the CVRA is Lang's only means of seeking review of the district court's finding that he is not a crime victim. *United States v. Monzel*, 641 F.3d 528, 531 (D.C. Cir. 2011); *United States v. Aguirre-Gonzalez*, 597 F.3d 46, 54 (1st Cir. 2010).

A crime victim under the CVRA is "a person directly and proximately harmed as a result of the commission of a Federal offense[.]" § 3771(e)(2)(A). This definition "encompasses the traditional but for and proximate cause analyses." *McNulty*, 597 F.3d at 350 (quoting *In re Rendon Galvis*, 564 F.3d 170, 175 (2d Cir. 2009) (internal quote marks omitted)). "In making this determination, we must (1) look to the offense of conviction, based solely on facts reflected in the jury verdict or admitted by the defendant; and then (2) determine, based on those facts, whether any person or persons were 'directly and proximately harmed as a result of the commission of [that] Federal offense." *Id*. at 351 (quoting *United States v. Atl. States Cast Iron Pipe Co.*, 612 F. Supp. 2d 453, 536 (D.N.J. 2009) (alteration in *Atlantic States* and *McNulty*)). Because Gross "was convicted pursuant to a guilty plea rather than by a jury, the court should look to the plea agreement, the plea colloquy, and other statements made by the parties to

determine the scope of the 'offense of conviction' for purposes of restitution." *Id.* at 351–52 n.7 (quoting *United States v. Elson*, 577 F.3d 713, 723 (6th Cir. 2009) (citations omitted)).

In his plea agreement Gross admitted to fraudulent representations in connection with: an August 2013 loan; a March 2016 condominium conveyance; a March 2016 transfer of interest in a life insurance policy; a June 2016 loan to be used to pay off equipment liens; and a June 2016 investment in a medical marijuana business. Lang alleges that Gross fraudulently induced him to: make loans to support a viatical settlement investment scheme; and to help pay off gambling debts. These transactions have nothing to do with the fraudulent conduct alleged in Gross's plea agreement. Thus, Lang's alleged harm, if any, is not a result of reliance on the misrepresentations listed in the information. Lang is therefore not a victim of those frauds. *See United States v. Farano*, 749 F.3d 658, 666 (7th Cir. 2014).

Lang has not shown that the district court's finding that he is not a victim of Gross's criminal offense is clearly erroneous as a matter of law. And, if he is not a crime victim, Lang is not entitled to assert rights under the CVRA. Thus, Lang has not demonstrated any extraordinary circumstances warranting the issuance of a writ of mandamus.

Accordingly, the petition for a writ of mandamus is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: April 26, 2018

Mr. Todd F. Flood

Mr. Evan Howard Kaploe

Mr. Andrew Joseph Yahkind

Re: Case No. 18-1459, *In re: Alec Lang*
Originating Case No. : 2:17-cr-20790-1 : 18-50368

Dear Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Leon T. Korotko for Robin Johnson
Case Manager
Direct Dial No. 513-564-7039

cc: Mr. David J. Weaver

Enclosure

No mandate to issue